1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAULA BLAIR, individually and on behalf of
all others similarly situated,

       Plaintiff,

  v.

RENT-A-CENTER, INC., a Delaware
corporation, RENT-A-CENTER WEST, INC.,
a Delaware corporation, and DOES 1–50,
inclusive,

       Defendants.

_____/

No. C 17-02335 WHA

**ORDER RE PENDING
MOTION TO TRANSFER**

      With respect to the pending motion to transfer, defendants failed in the opening motion

to identify employees of the Rent-A-Center store in Long Beach, California, whose

convenience is at issue, among other things. These individuals should have been identified by

name, location, position, and role in case. In the reply memorandum, defendants supplied this

information, but not under oath. This was sandbagging. Plaintiff has moved to strike this

after-the-fact information. Defendants are **ORDERED TO PRODUCE** the Central District-based

witnesses (Dkt. No. 35-2 at 3; witnesses number 3 and 4) for deposition at plaintiff's counsel's

office in La Jolla, California, on **FRIDAY, JULY 7, AT 10 A.M.** Each is to be deposed for ninety

minutes on the issues raised in the motion. If plaintiff's counsel does not wish to take

advantage of this opportunity, then the motion to strike will be denied. If plaintiff does take

advantage, supplemental information from the depositions will be considered (but the motion to

strike will still be denied).  If defendants do not produce the witnesses, then the motion to strike may be granted.  The cost of the court reporter will be borne by defendants (who are guilty of sandbagging), but otherwise each side will bear its own expenses.  There is no need for a videographer.

**IT IS SO ORDERED.**

Dated:  June 30, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE