IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAULA L. BLAIR, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

RENT-A-CENTER, INC., a Delaware corporation, RENT-A-CENTER WEST, INC., a Delaware corporation, and DOES 1–50, inclusive,

    Defendants.

No. C 17-02335 WHA

**AMENDED CASE MANAGEMENT ORDER**

The Court is in receipt of the parties' stipulated request to continue the deadlines contained in the case management order dated September 28, 2017 (Dkt. No. 59). Good cause appearing, the parties' request is **GRANTED IN PART** and the case management deadlines are hereby continued **42 CALENDAR DAYS**, as follows:

1. The motion for class certification must be filed by **MAY 10, 2018**, to be heard on a 49-day track.

2. The non-expert discovery cut-off date shall be **SEPTEMBER 11, 2018**.

3. The last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof

("opening reports") shall be **SEPTEMBER 11, 2018**.  Within **FOURTEEN CALENDAR DAYS** of said deadline, all other parties must disclose any expert reports on the same issue ("opposition reports").  Within **SEVEN CALENDAR DAYS** thereafter, the party with the burden of proof must disclose any reply reports rebutting specific material in opposition reports.  Reply reports must be limited to true rebuttal and should be very brief.  They should not add new material that should have been placed in the opening report and the reply material will ordinarily be reserved for the rebuttal or sur-rebuttal phase of the trial.  If the party with the burden of proof neglects to make a timely disclosure, the other side, if it wishes to put in expert evidence on the same issue anyway, must disclose its expert report within the fourteen-day period.  In that event, the party with the burden of proof on the issue may then file a reply expert report within the seven-day period, subject to possible exclusion for "sandbagging" and, at all events, any such reply material may be presented at trial only after, if at all, the other side actually presents expert testimony to which the reply is responsive.  The cutoff for all expert discovery shall be **FOURTEEN CALENDAR DAYS** after the deadline for reply reports.  In aid of preparing an opposition or reply report, a responding party may depose the adverse expert sufficiently before the deadline for the opposition or reply report so as to use the testimony in preparing the response.  Experts must make themselves readily available for such depositions.  Alternatively, the responding party can elect to depose the expert later in the expert-discovery period.  An expert, however, may be deposed only once unless the expert is used for different opening and/or opposition reports, in which case the expert may be deposed independently on the subject matter of each report.  At least **28 CALENDAR DAYS** before the due date for opening reports, each party shall serve a list of issues on which it will offer any expert testimony in its case-in-chief (including from non-retained experts).  This is so that all parties will be timely able to obtain counter-experts on the listed issues and to facilitate the timely completeness of all expert reports.  Failure to so disclose may result in preclusion.

4. The last date to file dispositive motions shall be **OCTOBER 18, 2018**. No dispositive motions shall be heard more than 35 days *after* this deadline, *i.e.*, if any party waits until the last day to file, then the parties must adhere to the 35-day track in order to avoid pressure on the trial date.

5. The **FINAL PRETRIAL CONFERENCE** shall be held on **JANUARY 9, 2019**, at **2:00 P.M.** Although the Court encourages argument and participation by younger attorneys, lead trial counsel must attend the final pretrial conference. For the form of submissions for the final pretrial conference and trial, please see paragraph 16 below.

6. A **JURY TRIAL** shall begin on **JANUARY 14, 2019**, at **7:30 A.M.**, in Courtroom 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102. The trial schedule and time limits shall be set at the final pretrial conference. Although almost all trials proceed on the date scheduled, it may be necessary on occasion for a case to trail, meaning the trial may commence a few days or even a few weeks after the date stated above, due to calendar congestion and the need to give priority to criminal trials. Counsel and the parties should plan accordingly, including advising witnesses.

**IT IS SO ORDERED.**

Dated: March 16, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE