| | |
|---|---|
| CHRISTINA G. SARCHIO (Pro Hac Vice)<br>christina.sarchio@dechert.com<br>DECHERT LLP<br>1900 K Street, NW<br>Washington, District of Columbia 20006<br>Telephone:   202.261.3300<br>Facsimile:    202.261.3333<br><br>H. JOSEPH ESCHER III (No. 85551)<br>h.joseph.escher@dechert.com<br>LILY A. NORTH (No. 260709)<br>lily.north@dechert.com<br>DECHERT LLP<br>One Bush Street, Suite 1600<br>San Francisco, California  94104<br>Telephone:   415.262.4500<br>Facsimile:    415.262.4555 | GREGORY G. ISKANDER (No. 200215)<br>giskander@littler.com<br>LITTLER MENDELSON, P.C.<br>Treat Towers<br>1255 Treat Boulevard, Suite 600<br>Walnut Creek, California 94597<br>Telephone: 925.932.2468<br>Facsimile: 925.946.9809<br><br>ROBERT F. FRIEDMAN (Pro Hac Vice)<br>rfriedman@littler.com<br>LITTLER MENDELSON, P.C.<br>2001 Ross Avenue<br>Suite 1500, Lock Box 116<br>Dallas, Texas 75201.2931<br>Telephone: 214.880.8100<br>Facsimile: 214.880.0181<br><br>VICKIE E. TURNER (No. 106431)<br>vturner@wilsonturnerkosmo.com<br>WILSON TURNER KOSMO LLP<br>550 West C Street, Suite 1050<br>San Diego, CA 92101<br>Telephone: 619.236.9600<br>Facsimile: 619.236.9669 |

Attorneys for Defendants
RENT-A-CENTER, INC. and RENT-A-CENTER WEST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAULA L. BLAIR, ANDREA ROBINSON, and FALECHIA HARRIS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>             v.<br><br>RENT-A-CENTER, INC., a Delaware corporation; RENT-A-CENTER WEST, INC., a Delaware corporation; and DOES 1-50, inclusive<br><br>                    Defendants. | Case No.  3:17-cv-02335-WHA<br><br>**NOTICE OF MOTION AND MOTION TO STAY PENDING APPEAL; MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT THEREOF**<br><br>DATE:  May 3, 2018<br>TIME:  8 a.m.<br>JUDGE: Hon. William H. Alsup<br><br>Complaint Filed:  March 13, 2017<br><br>Trial Date:  December 3, 2018 |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 3, 2018 at 8:00 a.m., or as soon as the matter may be heard before the Honorable William H. Alsup in Courtroom 12 of the United States District Court for the Northern District of California in the San Francisco Courthouse, Nineteenth Floor, 450 Golden Gate Avenue, San Francisco, California, Defendants Rent-A-Center, Inc. and Rent-A-Center West, Inc. (collectively "RAC") will and do move this Court for an order granting its Motion to Stay Pending Appeal. Defendants move the Court, consistent with Federal Rule of Appellate Procedure 8, to stay all proceedings in the district court pending appeal of the Court's (1) Order Re Motion to Compel Arbitration, Strike Class Action Claims, and Stay Proceedings entered on October 3, 2017 (Dkt. No. 62) and (2) Amended Order Re Motion to Compel Arbitration, Strike Class Action Claims, and Stay Proceedings entered on October 25, 2017 (Dkt. No. 82).

Defendants' motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such other argument and evidence as may be presented to this Court prior to or at the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES
## PRELIMINARY STATEMENT

RAC respectfully request that this Court stay district court proceedings in this matter pending RAC's appeal of this Court's Orders Denying RAC's Motion to Compel Arbitration and Strike Class Action Claims (Dkt. Nos. 62, 82). RAC's appeal raises serious legal questions that will be presented to the U.S. Court of Appeals for the Ninth Circuit not only in this case, but in two other cases from this district, *McArdle v. AT&T Mobility LLC*, No. 17-17246 (9th Cir.), and *Tillage v. Comcast Corp.*, No 18-15288 (9th Cir.). All three cases challenge the California Supreme Court decision in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 962 (2017), as preempted by the Federal Arbitration Act ("FAA"), an issue of first impression for the Ninth Circuit. Defendants-appellants filed their opening brief in *McArdle* on March 26, 2018, and briefing in this case and *Tillage* will begin in a few months. Ex. A (Mar. 26, 2018 Opening Br. of Defs-

Appellants in *McArdle*). Judge Chhabria already has stayed district court proceedings in *Tillage* pending appeal, necessarily determining that the same questions regarding *McGill* raised in RAC's appeal are serious legal issues warranting a stay. *See* Exs. B (Mar. 13, 2018 Order Granting Mot. to Stay Pending Appeal (Dkt. No. 51) in *Tillage*) & C (Feb. 26, 2018 Defs.'s Mot. for Stay Action Pending Appeal (Dkt. No. 43) at 2 in *Tillage*).

Allowing proceedings to continue before this Court while RAC's appeal is pending would deprive RAC and many of the putative class members—those who, like Plaintiff Paula Blair, agreed to be bound by the arbitration agreement at issue—of the "efficient, streamlined" arbitration process to which they agreed to refer their disputes. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1749 (2011). Plaintiffs will not suffer any prejudice from a stay of proceedings before this Court as the parties will continue to exchange information in their mediation efforts directed by the Ninth Circuit. A stay will merely ensure that every consumer's claim is adjudicated in the proper forum.

Alternatively, RAC requests a temporary stay of this action to allow RAC time to move the Ninth Circuit for a stay. *See, e.g.*, *Himebaugh v. Smith*, 476 F. Supp. 502, 511 (C.D. Cal. 1978) (granting temporary stay "to allow the parties and the Court of Appeals to more orderly prepare and consider a motion to stay") (citations omitted).

## FACTUAL BACKGROUND

Plaintiff Paula Blair executed the arbitration agreement on July 27, 2015, agreeing to arbitrate all of her claims against RAC in connection with her July 2015 rental of consumer merchandise from RAC. *See* Order (Dkt. No. 82) at 2. Blair agreed to resolve all of her claims related to the July 2015 rental "based on any legal theory whatsoever" in private arbitration and not in "a class, collective, mass, private attorney general, or representative action." Dkt. No. 22-1 (Decl. of Marc Tuckey) Ex. 2 (Consumer Arbitration Agreement) ¶¶ B, D. It is undisputed that prior to filing this lawsuit against RAC, Blair never rejected the arbitration agreement, despite her express contractual right to do so. *See id.* at Page 5 of 5. It is also undisputed that many putative class members in this case will be subject to the arbitration agreement with class waiver.

On March 13, 2017, Plaintiffs filed a putative class action in California state court against RAC, which was removed to this Court on April 25, 2017. *See* Dkt. No. 1. On May 2, 2017, RAC moved to compel arbitration of Plaintiff Blair's claims arising from her July 2015 rental (Dkt No. 10), and in lieu of responding, Plaintiffs filed an Amended Complaint on May 19, 2017 (Dkt. No. 16). RAC withdrew its motion to compel filed in March, and filed the Motion to Partially Compel Arbitration, Strike Class Action Claims, and Stay Proceedings on June 2, 2017. Dkt. No. 22. On October, 3, 2017, this Court granted RAC's motion to compel arbitration as to Plaintiff Blair's usury claim, but denied RAC's motion as to Blair's remaining claims for violations of the Karnette Rental-Purchase Act ("Karnette Act"), the California Consumers Legal Remedies Act ("CLRA"), and Section 17200 of the California Business and Professions Code ("UCL"). Dkt. No. 62. Although this Court struck Blair's class action claims in the October 3, 2017 Order, upon reconsideration, the Court entered an Amended Order on October 25, 2017 denying RAC's motion to strike class claims. Dkt. No. 82. RAC filed its Notice of Appeal of the Courts Orders (Dkt. Nos. 62, 82) on October 30, 2017. Dkt. No. 84.

## ARGUMENT

**I.  EVERY ELEMENT OF THE FOUR-FACTOR TEST USED BY DISTRICT COURTS IN THE NINTH CIRCUIT TO DETERMINE WHETHER TO GRANT A STAY PENDING APPEAL OF THE DENIAL OF A MOTION TO COMPEL ARBITRATION WEIGHS IN FAVOR OF STAYING THIS CASE.**

A stay pending appeal is warranted in this case because every element of the four-factor test weighs in favor of RAC's position: (1) RAC is likely to succeed on the merits of the appeal or its appeal raises serious legal questions; (2) RAC will be irreparably injured absent a stay; (3) issuance of the stay will not substantially injure Plaintiffs; and (4) the public interest supports a stay. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011); *Roe v. SFBSC Mgmt., LLC*, Case No. 14-cv-03616-LB, 2015 WL 1798926, at *1-2 (N.D. Cal. Apr. 17, 2015). Courts in the Ninth Circuit looks at these factors on a "continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay ending review is justified." *See Leiva-Perez*, 640 F.3d at 970 (citation omitted).

District courts in the Ninth Circuit frequently stay proceedings pending the appeal of an order denying arbitration, in particular when issues of federal preemption are raised. *See, e.g.*, *Aviles v. Quik Pick Express, LLC*, No. CV-15-5214-MWF (AGR), 2016 WL 6902458, at *2 (C.D. Cal. Jan. 25, 2016); *Ward v. Estate of Goossen*, No. 14-CV-03510-TEH, 2014 WL 7273911, at *5 (N.D. Cal. Dec. 22, 2014); *Ali v. JP Morgan Chase Bank*, No. C 13-01184 JSW, 2014 WL 12691084, at *2 (N.D. Cal. Mar. 10, 2014); *Cherny v. AT&T, Inc.*, No. CV 09-3625-GW AGRX, 2010 WL 2572929, at *1 (C.D. Cal. Feb. 8, 2010); *Murphy v. DirecTV, Inc.*, No. 2:07-CV-06465-FMC-VBKx, 2008 WL 8608808, at *4 (C.D. Cal. July 1, 2008); *Eberle v. Smith*, No. 07-CV-0120 W(WMC), 2008 WL 238450, at *4 (S.D. Cal. Jan. 29, 2008); *Jones v. Deutsche Bank AG*, No. C 04-05357 JW, 2007 WL 1456041, at *3 (N.D. Cal. May 17, 2007); *Winig v. Cingular Wireless LLC*, No. C-06-4297 MMC, 2006 WL 3201047, at *3 (N.D. Cal. Nov. 6, 2006); *Stern v. Cingular Wireless Corp.*, No. CV 05 8842 CAS, 2006 WL 2790243, at *2 (C.D. Cal. Sept. 11, 2006).

### A. RAC'S APPEAL RAISES SERIOUS LEGAL QUESTIONS AND IS LIKELY TO SUCCEED ON THE MERITS.

To obtain a stay pending appeal, a movant need not persuade the Court that its decision was erroneous; the movant need only demonstrate that its appeal raises "substantial" or "serious" legal questions. *Leiva-Perez*, 640 F.3d at 967–68; *Britton*, 916 F.2d at 1412. This is so even when a movant has only a minimal chance of prevailing on appeal. *Golden Gate Rest. Ass'n v. City and Cnty. of S.F.*, 512 F.3d 1112, 1115–16 (9th Cir. 2008).[1] RAC's appeal meets this test as it raises multiple "serious legal questions[,]" including (1) whether this case is governed by the Ninth Circuit decision in *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 935–36 (9th Cir. 2013) or the California Supreme Court decision in *McGill*, 2 Cal. 5th 945; (2) whether *McGill* is preempted by the FAA; and (3) whether the language of the contract exempts the entirety of Plaintiff Blair's Karnette Act, CLRA, and UCL claims from arbitration, in contradiction of the

---

[1] Stay pending an appeal that raises "substantial" or "serious" legal questions is appropriate where, as here, "the balance of hardships tips sharply in [movant's] favor." *Golden Gate Rest. Ass'n*, 512 F.3d at 1115–16.

overwhelming intent of the agreement to require individual arbitration of all claims.  *See Zaborowski v. MHN Gov't Servs., Inc.*, No. C 12-05109 SI, 2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013) ("defendant's appeal presents a legitimate, substantial question as to the applicability of the FAA to California law governing arbitration agreements").

The seriousness of these legal issues is highlighted by the fact that the viability of the *McGill* decision is being challenged in two other Ninth Circuit appeals originating from this district, *McArdle* and *Tillage*.  Those cases also involve California's UCL and CLRA causes of action, and address similar contract language waiving class-wide resolution of claims.  *See* Ex. A (Mar. 26, 2018 Opening Br. of Defs-Appellants at 20–24 in *Tillage*).  This is a matter of first impression at the Ninth Circuit, making a stay pending appeal particularly appropriate.  *See Maxcrest Ltd. v. United States*, No. 15-MC-80270-JST, 2016 WL 6599463, at *2 (N.D. Cal. Nov. 7, 2016) (issues of first impression present serious legal questions warranting a stay pending appeal) (citing *Gray v. Golden Gate Nat. Recreational Area*, No. C 08-00722 EDL, 2011 WL 6934433, at *1–2 (N.D. Cal. Dec. 29, 2011)); *In re Wirecomm Wireless, Inc.*, No. 2:07-CV-02451-MCE, 2008 WL 3056491, at *6 (E.D. Cal. Aug. 1, 2008) (granting stay pending appeal that raised an issue of first impression).  The opening appellate brief was filed very recently in *McArdle*, on March 26, 2018, and opening briefs are due in this case and in *Tillage* within a few months, on May 7, 2018 and June 1, 2018 respectively.  *See* Ex. A (Mar. 26, 2018 Opening Br. of Defs-Appellants in *Tillage*).  As a practical matter, the Ninth Circuit may take up these cases together or issue a consolidated opinion in two or all three of the cases.  Litigating this case at full speed while the same significant legal questions are on appeal in at least three separate cases unnecessarily wastes this Court's time and resources.  This Court should join Judge Chhabria and stay district court proceedings pending appeal.  *See* Exs. B (Mar. 13, 2018 Order Granting Mot. to Stay Pending Appeal (Dkt. No. 51) in *Tillage*) & C (Feb. 26, 2018 Defs.' Mot. to Stay Action Pending Appeal (Dkt. No. 43) at 2 in *Tillage*).[2]

---

[2] A motion to stay pending appeal currently is pending before Judge Wilken in *McArdle*.

Even if a district court is "confident in its ultimate determination[,]" it "nonetheless" should order a stay when the "issues present substantial questions that bear on the proper application of the federal and state policies favoring arbitration . . . ." *Ward v. Estate of Goossen*, No. 14-CV-03510-TEH, 2014 WL 7273911, at *3 (N.D. Cal. Dec. 22, 2014); *see Roe*, 2015 WL 1798926, at *2 ("The court agrees that [movant] has raised 'serious legal questions' regarding the correctness of the court's order denying arbitration. The court does not agree that it got the order wrong; . . .[but movant's] well-stated arguments might . . . convince the Ninth Circuit to reverse this court's decision.").

### B. RAC WILL SUFFER IRREPARABLE HARM ABSENT A STAY.

Were this litigation to proceed in this Court while RAC's appeal is pending, RAC will face serious and irreparable harm that far outweighs any theoretical injury to Plaintiffs or putative class members. *Ontiveros v. Zamora*, No. CIV. S-08-567 LKK/DAD, 2013 WL 1785891, at *4 (E.D. Cal. Apr. 25, 2013) ("[T]here are significant consequences to denying a stay and allowing the case to proceed. Many of the advantages of arbitration [may be] lost after years of litigation."). The entire purpose of arbitration is to provide an "inexpensive and expeditious means of resolving . . . dispute[s]." *Int'l Ass'n of Machinsts & Aerospace Workers v. Aloha Airlines*, 776 F.2d 812, 815 (9th Cir. 1985). If this Court denies a stay, and the Ninth Circuit reverses the Orders, the number and scope of claims to be litigated in court will be significantly reduced. If arbitration of all of Plaintiff Blair's claims arising from the 2015 rental is compelled, the substantial time and resources that RAC will have devoted to litigating those claims—as well as the claims of similarly situated putative class members who agreed to arbitration—during the appeal can never be recovered. *See Pokorny v. Quixtar Inc.*, No. 07-00201 SC, 2008 WL 1787111, at *2 (N.D. Cal. Apr. 17, 2008); *Cherny*, 2010 WL 2572929, at *1 ("the right to arbitrate would be devalued, if not rendered meaningless, if litigation proceeded apace").

While monetary expenses incurred in litigation are generally not considered irreparable harm, "arbitration is unique in this aspect," because "[i]f a party must undergo the expense of a trial before being able to appeal denial of a motion to compel arbitration, the anticipated advantages of arbitration—speed and economy—are lost." *Zaborowski*, 2013 WL 1832638, at

*2; *see Pokorny*, 2008 WL 1787111, at *2; *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010) ("In bilateral arbitration, parties forego the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes."). Although RAC "need only show that there is a probability of irreparable injury if the stay is not granted[,]" *Ontiveros*, 2013 WL 1785891, at *4, the unique nature of arbitration makes irreparable injury certain if the stay is denied.

The arbitration agreement contains provisions that preclude Plaintiff Blair from asserting representative and class action claims—the exact claims that Plaintiff Blair has asserted against RAC in connection with her July 2015 rental. Thus, RAC would be compelled to defend itself against Plaintiff Blair's Karnette Act, CLRA, and UC claims on a class and representative basis that the Ninth Circuit may ultimately determine should be decided in individual arbitration pursuant to the arbitration agreement. *See Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 237–38 (2013) (class resolution of claims "'sacrifices the principal advantage of arbitration'") (quoting *Concepcion*, 563 U.S. at 334).

### C.   PLAINTIFFS WILL SUFFER NO HARM SHOULD THE COURT STAY PROCEEDINGS.

On the other hand, should the Court stay this case pending appeal, the only conceivable harm Plaintiffs could suffer is some delay. But any such delay is outweighed by the waste of time and money that would result from proceeding with this litigation in district court before the Ninth Circuit decides whether Plaintiff Blair's claims arising from the July 2015 rental and those of similarly-situate putative class members are even subject to judicial resolution. *See Ward*, 2014 WL 7273911, at *5 ("'When a defendant appeals an order refusing to compel arbitration, the general disadvantage to plaintiff caused by delay of proceedings is usually outweighed by the potential injury to defendant from proceeding in district court during pendency of appeal.'") (quoting *Eberle*, 2008 WL 238450, at *3); *Mundi v. Union Security Life Ins. Co.*, No. CV-F-06-1493 OWW/TAG, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) ("The only conceivable harm would be delay during the appeal; however, this does not justify not granting a stay, because

it does not compare to the unjustifiable waste of time and money that would result from proceeding with this litigation before the Ninth Circuit decides whether this dispute is even subject to judicial resolution."). Should this Court find the arbitration agreement enforceable, any delay in the trial court would be compensated by the speedy, streamlined dispute resolution procedure that arbitration offers. *See Stolt-Nielsen S.A.*, 559 U.S. at 685; *see also Italian Colors*, 570 U.S. at 236 ("[A] class-action waiver [in an arbitration agreement] . . . no more eliminates . . . parties' right to pursue their statutory remedy than did federal law before its adoption of the class action for legal relief."); *Shady Grove Orthopedic Assocs. v. Allstate Ins.*, 559 U.S. 393, 402 (2010) (a class action waiver "affect[s] only the procedural means by which the remedy may be pursued").

A stay in this Court also will not harm Plaintiffs—including Plaintiffs that did *not* sign arbitration agreements—because the stay will have no effect on the parties' participation in the Ninth Circuit's court mediation and settlement program. The parties are actively involved in continued mediation efforts before the Ninth Circuit's chief mediator, which includes exchanging information for purposes of mediation. Thus, while proceedings are stayed before this Court, the parties will continue to develop discovery related to the "Litigation Database" prepared by RAC to disclose relevant transaction data, as well as other discovery that ultimately may be used before this Court. Once RAC's appeal is decided by the Ninth Circuit and the scope of the claims to be litigated before this Court is clear, the parties will be well-positioned to litigate those claims without delay.

### D. THE PUBLIC INTEREST FAVORS A STAY.

Public policy interests—particularly the promotion of judicial efficiency and the strong federal policy favoring arbitration, see *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)—also support a stay. "[T]he speed and efficiency of [arbitration] are the foundation for a strong federal policy favoring arbitration over litigation, which would be contravened by requiring the parties to litigate while the appeal is pending." *Pokorny*, 2008 WL 1787111, at *2 (citations omitted); *see Brown v. MHN Gov't Servs., Inc.*, Case No. C 14-1449 SI, 2014 WL 2472094, at *4 (N.D. Cal. June 3, 2014) (staying case pending appeal in related case to

"preserve the parties' time and resources"). On the other hand, the public policy interests behind Plaintiffs' claims would not be undermined by a stay because Plaintiffs can ultimately vindicate such rights after the appeal is resolved, either through the judicial or arbitral forum. *See Winig*, 2006 WL 3201047, at *3 (N.D. Cal. Nov. 6, 2006) ("Although the Court is cognizant of the public interest in vindicating consumer rights, the Court finds the requested stay will not materially impact that interest.") (citations omitted); *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) ("[B]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.") (citations omitted).

## CONCLUSION

For the foregoing reasons, RAC respectfully requests that the Court grant its motion and stay all proceedings until the conclusion of the pending appeal. In the alternative, RAC requests a temporary stay of this action.

Dated: April 2, 2018

Respectfully submitted,

ROBERT F. FRIEDMAN
GREGORY G. ISKANDER
LITTLER MENDELSON, P.C.


*/s/ Robert F. Friedman*
ROBERT F. FRIEDMAN
*Attorneys for Defendants*
**RENT-A-CENTER, INC.** and **RENT-A-CENTER WEST, INC.**

Firmwide:153803641.1 070527.1103