IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAULA BLAIR, ANDREA ROBINSON, and
FALECHIA HARRIS, individually and on
behalf of all others similarly situated,

    Plaintiffs,

  v.

RENT-A-CENTER, INC., a Delaware
corporation, RENT-A-CENTER WEST, INC.,
a Delaware corporation, and DOES 1–50,
inclusive,

    Defendants.

No. C 17-02335 WHA

**ORDER DENYING MOTION TO STAY PENDING APPEAL**

**INTRODUCTION**

In this putative consumer class action, defendant corporations move to stay proceedings pending appeal of an order denying a motion to compel arbitration. For the reasons herein, defendants' motion is **DENIED**.

**STATEMENT**

This putative class action arises from rent-to-own agreements which plaintiffs Paula Blair, Andrea Robinson, and Falechia Harris contend set prices in excess of the maximum installment payment rates allowable under California law.

Defendants Rent-A-Center, Inc. and Rent-A-Center West, Inc. (collectively "RAC") maintain rent-to-own stores throughout California. These stores rent household merchandise

(*e.g.*, appliances, electronics, furniture) to consumers for a weekly, bi-weekly, or monthly fee. After a specified time period, if all payments have been made the consumer will own the merchandise. The terms of these rent-to-own agreements are set forth in written contracts between the consumer and RAC which the consumer signs at the point of sale. RAC also asks the consumer to sign a separate arbitration agreement when she makes a purchase (Second Amd. Compl. ¶¶ 11–13, 59).

In March 2017, plaintiff Blair initiated this action in state court for claims relating to her 2015 and 2016 rental-purchase agreements with RAC. Blair sought relief for violations of (1) the Karnette Rental-Purchase Act, (2) the California Consumers Legal Remedies Act, (3) usury, (4) Section 17200 of the California Business and Professions Code, and (5) unjust enrichment. RAC removed the action to federal court (Dkt. No. 1).

After Blair amended the complaint to drop her unjust enrichment claim, RAC moved to partially compel Blair's suit to arbitration. Because Blair opted out of the arbitration agreement contained in the 2016 rental-purchase agreement, RAC only sought to compel arbitration of Blair's claims relating to the 2015 agreement. While the motion to compel arbitration was pending, Blair amended her complaint a second time to add plaintiffs Robinson and Harris. RAC could not locate signed arbitration agreements for Robinson or Harris, and so did not seek to compel arbitration of their claims (Dkt. Nos. 16, 22, 43, 54).

An order dated October 3, 2017, denied most of RAC's motion to compel arbitration, granted RAC's motion to strike Blair's class action claims arising out of the 2015 agreement, and denied RAC's motion to stay pending arbitration. An October 25 order amended the October 3 order to remove the language striking Blair's class action claims. RAC appealed both orders and now — five months later — moves to stay all proceedings pending that appeal. Alternatively, RAC requests a temporary stay to allow it time to move for a stay in our court of appeals. This order follows full briefing and oral argument (Dkt. Nos. 62, 82–84, 93).

2

**ANALYSIS**

Whether to issue a stay is within the district court's discretion. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). This requires the court to weigh four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434. In the Ninth Circuit, courts weigh these factors using a sliding scale approach, under which "a stronger showing of one element may offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (citation omitted). A movant must raise at least serious questions going to the merits, and can satisfy the other factors by showing that the balance of hardships tips sharply in its favor, that the movant will suffer irreparable harm in the absence of a stay, and that the public interest favors a stay. *Id.* at 968.

**1. SERIOUS QUESTIONS GOING TO THE MERITS.**

RAC submits that it has raised multiple issues in its appeal, including (1) whether this case is governed by *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928 (9th Cir. 2013), versus *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017); (2) whether *McGill* is preempted by the FAA; and (3) whether "the language of the contract exempts" the entirety of Blair's Karnette Act, CLRA, and Section 17200 claims from arbitration. Only one of these issues raises substantial questions going to the merits.

The first and third issues raised in RAC's appeal are not substantial. The October 25 order found *Ferguson* inapplicable to the instant case because here, unlike in *Ferguson*, the contract at issue does not compel public injunctive claims to arbitration but rather prohibits litigating those claims in any forum. RAC does not address this distinction. Nor does RAC raise any new arguments as to why, pursuant to the terms of the arbitration agreement, it is not the case that Blair's claims for violations of the Karnette Act, CLRA, and Section 17200 "must be severed from the arbitration and may be brought in court" (*see* Dkt. No. 22-1 ¶ D). The second issue, however, does raise serious questions going to the merits of the appeal. The October 25 order rejected RAC's argument that *McGill* is preempted by the FAA, explaining

1  that RAC's authorities were in opposite and that *McGill* does not violate the FAA's prohibition
2  on rules specifically disfavoring arbitration. Nevertheless, because our court of appeals has not
3  yet addressed this argument, this order finds that RAC has raised a serious question as to
4  whether *McGill* is preempted by the FAA.

### 2. IRREPARABLE HARM AND BALANCE OF HARDSHIPS.

RAC has not demonstrated irreparable harm. RAC argues only that, absent a stay, it will incur significant litigation costs that would defeat the cost-limiting purpose of arbitration agreements. This argument is unconvincing for several reasons. *First*, discovery obtained here will be useful in any future arbitration. *Second*, RAC litigated the case and engaged in discovery — including taking four depositions — for *five months* before bringing the instant motion. This significant delay severely undercuts RAC's argument that litigation pending its appeal will cause irreparable harm. *Third*, RAC's appeal concerns only a portion of the claims at issue in this case. Regardless of the outcome of the appeal, RAC will incur the costs of litigating Robinson and Harris's non-arbitrable claims in addition to Blair's non-arbitrable claims arising from her 2016 purchase.[1]

The balance of the hardships also tips in plaintiffs' favor. RAC's appeal could take upwards of two years to resolve. Such a substantial delay would exacerbate the risk that putative class members could not be located by the time the case finishes. To be sure, plaintiffs' seek to represent a class of individuals who made purchases from RAC dating back to 2013, and so some putative class members may already be difficult to find. Nonetheless, these location difficulties will extend to class members with more-recent purchases should a stay be granted. Because RAC has failed to show irreparable harm or demonstrate that the balance of the hardships tips in its favor, the motion to stay is **DENIED**. This order need not reach whether a stay would serve the public interest.

---

[1] By contrast, in *Tillage v. Comcast Corp.*, Case No. 17-cv-6477-VC, where Judge Vince Chhabria granted a partial stay pending the defendants' appeal of an order denying a motion to compel arbitration, resolution of the appeal in the defendants' favor would have resulted in all plaintiffs to the litigation being compelled to arbitration.

**CONCLUSION**

For the foregoing reasons, RAC's motion to stay is **DENIED**. This denial is without prejudice — RAC may renew its request for a stay after a ruling on plaintiffs' motion for class certification. RAC's request for a temporary stay of this action so that it may move for a stay with our court of appeals is also **DENIED**.

**IT IS SO ORDERED.**

Dated: May 16, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE