United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA L. BLAIR, ANDREA ROBINSON, and FALECHIA HARRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RENT-A-CENTER, INC., a Delaware corporation, RENT-A-CENTER WEST, INC., a Delaware corporation, and DOES 1–50, inclusive,<br><br>Defendants. | No. C 17-02335 WHA<br><br>**ORDER RE MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND MOTION FOR ATTORNEY'S FEES, EXPENSES, AND INCENTIVE AWARD** |

**INTRODUCTION**

In this class action involving rent-to-own transactions, plaintiffs move for final approval of a class settlement and for attorney's fees, expenses, and incentive award. Defendants do not oppose. For the following reasons, the motion for final approval is **GRANTED**. The motion for attorney's fees, expenses, and incentive award is **GRANTED IN PART**.

**STATEMENT**

Previous orders have stated the facts (Dkt. Nos. 154, 154, 179). Briefly, defendants Rent-A-Center, Inc. and Rent-A-Center West, Inc. (collectively "RAC") maintained rent-to-own stores throughout California. These stores rented and sold new and used household merchandise to consumers for periodic payments. The named plaintiffs and class

1  representatives entered into rental-purchase agreements with RAC in 2015 and 2016 (Compl.

2  ¶¶ 11, 27, 41, 47).

3  Based on these agreements, plaintiffs made claims for relief including for violations of

4  the Karnette Act, the California Consumers Legal Remedies Act (CLRA), usury, and

5  California Business and Professions Code § 17200.  A November 2018 order granted in part

6  and denied in part the parties' cross-motions for summary judgment on plaintiffs' Karnette Act

7  claim.  A parallel order issued that same day certified the following class: "All individuals

8  who, on or after March 13, 2013, entered into a rent-to-own transaction with RAC in

9  California" (Dkt. Nos. 1, 43, 154, 155).

10  In November 2018, RAC moved for summary judgment on plaintiffs' usury claim (the

11  only claim certified for class treatment) and plaintiffs moved for partial reconsideration of the

12  order granting in part and denying in part class certification.  A February 2019 granted RAC's

13  motion for summary judgment on the usury claim and certified the following subclass: "All

14  individuals who, between March 13, 2013. and January 17, 2018, entered into a rent-to-own

15  transaction with RAC in California for an item that was shipped to a RAC retail location by

16  RAC National Product Services, LLC and as to which RAC allocated a freight up-charge"

17  (Dkt. Nos. 153, 163, 179).

18  Following a settlement conference with Magistrate Judge Joseph Spero, the parties

19  reached a settlement in March 2019.  An October order granted plaintiffs' motion for

20  preliminary approval of a proposed class settlement.  After plaintiffs revised their notice to

21  include the estimated payments to class members, a subsequent order approved, as to form and

22  content, a notice concerning the class settlement agreement and final approval hearing (Dkt.

23  Nos. 208, 213).  The settlement administrator then mailed or emailed notice of the proposed

24  class settlement and fee request to all 32,792 class members in the Matched NPS Dataset and

25  all 80,609 class members in Unmatched Dataset.  The administrator also posted all relevant

26  documents on a website.  For the notices returned as undeliverable, the administrator used an

27  information supplier subscription service to locate the individuals.  Ultimately, 1,335

28  individuals from the Matched NPS Dataset and 7,023 individuals from the Unmatched Dataset

have been unable to receive notice. There have been two requests to opt out and no class members have objected to the settlement (Dkt. No. 217; Rabe Decl. ¶¶ 8–9; 14–16; 22).

Plaintiffs now move for final approval of the proposed class settlement of injunctive relief for the CLRA class, $13 million for the NPS subclass, an award of $3.9 million in attorney's fees, $209,531.54 in unreimbursed expenses, an incentive award of $2,500 for plaintiff Falecha Harris, and incentive awards of $1,500 each for plaintiffs Paula Blair, Andrea Robinson, and Celinda Garza. Defendants do not oppose. This order follows full briefing and oral argument.

## ANALYSIS

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class . . . may be settled . . . only with the court's approval." When a proposed settlement agreement is presented, the district court must perform two tasks: (1) direct notice in a reasonable manner to all class members who would be bound by the proposal, and (2) approve the settlement only after a hearing and on finding that the terms of the agreement are fair, reasonable, and adequate.

1. **FINAL APPROVAL OF PROPOSED CLASS SETTLEMENT.**

    A. *ADEQUACY OF NOTICE.*

The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950) (citations omitted). It must also describe "the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980). The undersigned judge previously approved the form, content, and planned distribution of the class notice. As described above, the claims administrator has fulfilled the notice plan. This order accordingly finds that notice to class members was adequate.

### B. SCOPE OF RELEASE

Members of the CLRA class will release only the specific CLRA claim for violation of Civil Code §1770 and the Section 17200 claim that is derivative of the CLRA claim. Members of the Karnette Act claim subclass will only release claims that arise out of or relate to the specific allegation that a statutory pricing cap was exceeded as a result of an NPS-related freight up-charge. This scope of release is thus appropriately tailored and approved.

### C. FAIRNESS, REASONABLENESS, AND ADEQUACY OF PROPOSED SETTLEMENT.

A district court may approve a proposed class settlement only upon finding that it is fair, reasonable, and adequate, taking into account (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. FRCP 23(e); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). For the following reasons and for the reasons stated in the October 2019 order (Dkt. No. 208), this order finds that the proposed class settlement is fair, reasonable, and adequate under FRCP 23(e).

*First*, the settlement terms are fair, reasonable, and adequate. The gross settlement fund of $13 million is approximately 76.8% of the statutory damages plaintiffs contend are owed to the class. Given the risk of trial, this recovery is reasonable. With respect to plaintiffs' CLRA claims, the proposed settlement provides for injunctive relief that requires RAC to refrain from including in any arbitration agreement presented to its California customers, or from enforcing against any California customer, any provision that prohibits the customer from seeking otherwise available public injunctive remedies. Furthermore, the class representatives and class counsel have adequately represented the class. The parties reached the proposed settlement after two years of contested litigation involving extensive discovery, a motion to compel arbitration, a motion for class certification, multiple summary judgment motions, two appellate proceedings in our court of appeals, two days of mediation with the Chief Circuit

Mediator of our court of appeals, and two settlement conferences with Chief Magistrate Judge Joseph C. Spero.

*Second*, the plan of allocation of the settlement proceeds is fair and reasonable. The net settlement after the deduction of expenses, attorney's fees, and any incentive award will be distributed to class members based on their qualifying transaction. Furthermore, in the event that any class member does not cash their settlement check, the remaining funds will be disbursed in a second distribution to those who did cash their checks. Any further uncashed checks will go to a cy pres recipient. Having considered the applicable factors, this order finds the proposed class settlement is fair, reasonable, and adequate so as to warrant final approval. Accordingly, final approval of the class settlement and plan of allocation is **GRANTED**.

**2. MOTION FOR ATTORNEY'S FEES, EXPENSES, AND INCENTIVE AWARD.**

*A. COSTS AND EXPENSES.*

Class counsel seek to recover from the settlement fund a total of $209,531.54 in litigation costs and expenses. Altshuler Berzon seeks $62,619.78 of the total and co-counsel Dostart Hanniak & Coveney seeks $146,911.76 of the total. The largest component of these expenses is "professional fees" ($88,636.27) which includes costs billed for services of plaintiffs' expert. Counsel also seek reimbursement for, among other things, depositions and transcripts ($37,825.76) and travel and meals ($27,440.54). These expenses were all reasonable and necessary part of the litigation, and are of a type customarily billed to a fee-paying client. No class member objected to recovery of these costs. The motion for reimbursement of these costs is **GRANTED.**

*B. INCENTIVE AWARD.*

Plaintiff Falecha Harris requests a $2,500 award and plaintiffs Paula Blair, Andrea Robinson, and Celinda Garza each request a $1,500 award. Only where the class representative has actually incurred genuine out-of-pocket costs should those costs be considered. The named plaintiffs here, however, devoted significant time to this litigation by producing discovery, responding to discovery, and sitting for depositions. Plaintiff Falecha

5

Harris also took days off work to attend all four of the mediation or settlement conferences. The record is, however, silent as to the exact costs these plaintiffs incurred. Given these efforts, incentive awards of $400 for plaintiff Harris and $200 each for plaintiffs Blair, Robinson, and Garza is **GRANTED**. The request is otherwise **DENIED**.

### C. ATTORNEY'S FEES.

A district court must ensure that attorney's fees are "fair, adequate, and reasonable," even if the parties have entered into a settlement agreement that provides for those fees. *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). "In 'common-fund' cases where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method." Our court of appeals has recognized 25 percent of the common fund as a benchmark award for attorney's fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

Class counsel seeks $3.9 million — or 30 percent of the gross settlement fund and slightly larger than the claimed and reasonable lodestar of $3,451,165.50. Class counsel conducted substantial motion practice and engaged in appellate proceedings. Counsel also took or defended 14 depositions, and worked on a contingent-fee basis despite the risks of litigation for approximately two years. Importantly, counsel took a chance by basing part of their claim on an untested statute whose application was unclear. Counsel deserves credit for taking such a risk and the hard work they've done in achieving an excellent outcome for the class. An award of $3,836,840.54 (30 percent of the net settlement fund) representing a lodestar multiplier of 1.1 is thus reasonable here. The request for attorney's fees of $3.9 million is **DENIED**. The undersigned instead awards attorney's fees of $3,836,840.54.

**CONCLUSION**

Accordingly, it is hereby ordered as follows:

1. The notice of settlement, as well as the manner in which it was sent to class members, fairly and adequately described the proposed class settlement, the manner in which class members could object to or participate in the settlement, and the manner in which class members could opt out of the class; was the best notice practicable under the circumstances;

was valid, due, and sufficient notice to class members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws. A full and fair opportunity has been afforded to class members to participate in the proceedings convened to determine whether the proposed class settlement should be given final approval. Accordingly, the undersigned hereby determines that all class members who did not exclude themselves from the settlement by filing a timely request for exclusion are bound by this settlement order.

2. The undersigned also finds that the proposed class settlement is fair, reasonable, and adequate as to the class, plaintiffs, and defendants; that it is the product of good faith, arms-length negotiations between the parties; and that the settlement is consistent with public policy and fully complies with all applicable provisions of law. The settlement and plan of allocation is therefore **APPROVED**.

3. Having considered class counsel's motion for attorney's fees, reimbursement of expenses, and an incentive award, the undersigned hereby awards class counsel attorney's fees of $3,836,840.54. Half of this amount shall be paid after the "effective date" as defined in the settlement agreement. The other half shall be paid when class counsel certify that all funds have been properly distributed and the file can be completely closed.

4. Class counsel shall also receive $209,531.54 ($62,619.78 for Altshuler Berzon and $146,911.76 for Dostart Hanniak & Coveney) as reimbursement for their litigation expenses, to be paid from the settlement fund. Plaintiff Harris shall receive a $400 service award. Plaintiff Blair shall receive a $200 service award. Plaintiff Robinson shall receive a $200 service award. Plaintiff Garza shall receive a $200 service award.

*   *   *

The Court particularly commends Attorney Michael Rubin and Attorney Zach Dostart for the excellent work they have done on this case.

**IT IS SO ORDERED.**

Dated: January 24, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7